United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SIEU VAN NGUYEN,

Petitioner,

v.

WARDEN OF THE MESA VERDE DETENTION FACILITY, *et al.*,

Respondents.

Case No. 1:26-cv-05375 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Before the Court is Petitioner Sieu Van Nguyen's petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention by U.S. Immigration and Customs Enforcement ("ICE"). *See* Dkt. No. 1. The Government filed a response to the petition asserting that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(6). *See* Dkt. No. 8 at 2–3. For the reasons set forth below the Court GRANTS the petition and orders Petitioner's release from custody.

## I. BACKGROUND

Petitioner is a citizen of Vietnam who was admitted to the United States on September 8, 1989 as a lawful permanent resident. Dkt. No. 8-1 at 3; Dkt. No. 1 at 5. Twenty-eight years later, on December 19, 2017, Petitioner was ordered removed to Vietnam by an Immigration Judge due to a criminal conviction for robbery. *See* Dkt. No. 8-1 at 3; Dkt. No. 8-2 at 1. He was released from immigration custody sometime thereafter on an order of supervision ("OSUP"). *See* Dkt. No. 8-3 at 1 (Petitioner's "Notice of Revocation of Release" explaining that he was previously released on an OSUP).

While on supervised release, Petitioner was arrested for violation of domestic battery under

Cal. Penal. Code § 243(E)(1) sometime in 2025. *Id*. He was detained by ICE several months later on January 21, 2026. *Id*. At that time, DHS revoked Petitioner's OSUP under 8 C.F.R. § 241.13 and 8 C.F.R. § 241.4, explaining in the "Notice of Revocation of Release" that Petitioner had "violated the terms and condition of [his] release" as he had previously failed to report to the ICE office as instructed and was recently arrested under Cal. Penal. Code § 243(E)(1). Dkt. No. 8-3 at 1. Following the revocation of his OSUP, Petitioner was provided an informal interview to challenge the basis of the revocation. *See id*. at 3 (form indicating that an interview was conducted on January 21, 2026).

Petitioner, proceeding pro se, subsequently filed a petition for writ of habeas that the Court construes as bringing claims for violation of his due process rights and the Supreme Court's holding in *Zadvydas v. Davis*. *See* Dkt. No. 1 at 16–17. Respondents filed an opposition arguing that Petitioner is lawfully detained under 8 U.S.C. § 1231(a)(6) to effectuate his final order of removal, and that Petitioner's OSUP was revoked in accordance with applicable regulations. *See* Dkt. No. 8 at 2–3. Respondents requested travel documents for Petitioner from the Vietnamese consulate on April 21, 2026. *See* Dkt. No. 8-4. Based on the record before the Court, no further action has been taken towards effectuating Petitioner's removal to Vietnam, nor has there been any further communication with the Vietnamese consulate. Petitioner has now been detained for over eight months.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its

protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**III. DISCUSSION**

Respondents contend that Petitioner cannot meet his burden to show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" under *Zadvydas v. Davis*, 533 U.S. 678 (2001), thus rendering his detention lawful under 8 U.S.C. § 1231(a)(6). Dkt. No. 8 at 2–3. Under § 1231(a)(6), removable noncitizens "may be detained beyond the [90-day] removal period[.]" U.S.C. § 1231(a)(6). However, the *Zadvydas* burden-shifting framework is not applicable to noncitizens who have been released on OSUP, like Petitioner was here. *See Pham v. Marin*, No. 5:26-CV-00785-MRA-SP, 2026 WL 712946, at *4 (C.D. Cal. Mar. 11, 2026) (noting that district courts have held that the "*Zadvydas's* burden-shifting framework does not apply to noncitizens who are *re-detained* pursuant to the revocation of an [Order of Supervision]" and collecting cases).

Rather, a set of regulations, 8 C.F.R. §§ 241.13(i) and 241.4(l), govern how and when ICE may revoke the release of a noncitizen who has been ordered removed, but released on OSUP. Under § 241.13(i)(1), a noncitizen who has been released on OSUP, but "who [then] violates any of the conditions of release may be returned to custody … and may be continued in detention for an additional six months in order to affect the alien's removal, if possible[.]" 8 C.F.R. § 241.13(i)(1). A noncitizen's release may also be revoked "if, on account of changed circumstances," it is determined that "there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2).

Neither 8 C.F.R. §§ 241.13(i)(1) nor 241.13(i)(2) authorize Petitioner's continued detention. As to § 241.13(i)(1), "the plain text of that regulation limits detention to a period of six months." *Banos-Jiron v. Lyons*, No. 1:26-CV-00716-KES-CDB (HC), 2026 WL 972527, at *3 (E.D. Cal. Apr. 10, 2026). As Petitioner has now been detained for over eight months, his detention has well surpassed that six-month period. *See Tran v. Warden, California City Corr.*



United States District Court
Eastern District of California

United States District Court
Eastern District of California

*Ctr.*, No. 1:26-CV-04098-DAD-CKD (HC), 2026 WL 2099295, at *3 (E.D. Cal. July 21, 2026) (finding detention under § 241.13(i)(1) was no longer authorized because petitioner's detention had surpassed six months). As to § 241.13(i)(2), Respondents have not argued that Petitioner's removal in the reasonably foreseeable future is likely. Rather, they simply note that travel documents were requested from the Vietnamese consulate over five months ago, and there appears to have been no update since. *See* Dkt. No. 8 at 3. This, without further evidence that the Vietnamese consulate is processing the request or likely to approve it shortly, is insufficient to show that Petitioner's removal in the foreseeable future is likely. *Tran*, 2026 WL 2099295, at *3 (finding request for travel documents insufficient to show removal in the reasonably foreseeable future was likely); *see also*, *Bonilla v. Noem*, No. 1:26-cv-01425-DC-SCR (HC), 2026 WL 849579, at *3 (E.D. Cal. Mar. 27, 2026) (collecting cases where courts held that requesting travel documents after re-detaining a petitioner weighed against a finding of changed circumstances). Accordingly, Petitioner's continued detention is unlawful.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Petitioner's petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to immediately release Petitioner from custody on the same conditions he was subject to prior to his re-detention on January 21, 2026. Respondents are enjoined and restrained from re-detaining Petitioner absent compliance with statutory and regulatory procedures.

The Clerk of the Court is directed to close this case and enter judgment in favor of Petitioner.

**IT IS SO ORDERED.**

Dated: October 6, 2026

EDWARD J. DAVILA
United States District Judge